**Nexhat IMERI, Largime Imeri, Gentiana Imeri, Shefkate Imeri, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3127–ag.

United States Court of Appeals, Second Circuit.

Aug. 13, 2007.

Thomas H. Belote, Belote & Belote, P.C., Ridgefield, CT, for Petitioners.

Gregory A. White, United States Attorney for the Northern District of Ohio, Robert J. Becker, Assistant United States Attorney, Akron, OH, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Nexhat Imeri, Largime Imeri, Gentiana Imeri and Shefkate Imeri, citizens of Macedonia, seek review of a

June 6, 2006, order of the BIA affirming the January 27, 2005, decision of Immigration Judge ("IJ") Michael W. Straus denying their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Nexhat Imeri, Largime Imeri, Gentiana Imeri, Shefkate Imeri,* Nos. A98 277 291 / 292 / 293 / 294 (B.I.A. June 6, 2006), *aff'g* Nos. A98 277 291 / 292 / 293 / 294 (Immig. Ct. Hartford, Conn., Jan. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review questions of law *de novo,* including "what evidence will suffice to carry [an] asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We dismiss the petition for review to the extent it challenges the IJ's denial of Imeri's asylum claim. Imeri has not raised either a constitutional claim or question of law with regard to the IJ's conclusion that Imeri had failed to establish changed or extraordinary circumstances excusing the untimely filing of his asylum application. *See* 8 U.S.C. § 1158(a)(2)(D). Accordingly, we lack jurisdiction to review the IJ's decision to pretermit Imeri's asylum application. *See* 8 U.S.C. § 1158(a)(3); 8 U.S.C. § 1252(a)(2)(D).

With regard to Imeri's application for withholding of removal, we agree with the IJ that Imeri has failed to satisfy his burden of showing a clear probability that his "life or freedom would be threatened" if he were returned to Macedonia. 8 C.F.R. 1208.16(b)(1). Although a showing of physical abuse is not required to establish past persecution, *see, e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) ("[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground."), the arrest and detention that occurred in this case is insufficient to establish past persecution, *see, e.g., Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) ("[W]e believe that the IJ's conclusion that neither petitioner suffered persecution is supported by substantial evidence. Feng was detained only briefly, and was not mistreated while in custody."). Similarly, the IJ also reasonably concluded based on the evidence in the record that the situation in Macedonia has shown some improvement in the treatment of ethnic Albanians such that Imeri had not established the objective basis for his fear of persecution. No reasonable adjudicator would be compelled to conclude that the IJ's factual conclusions were incorrect. 8 U.S.C. § 1252(b)(4)(B).

Finally, Imeri does not challenge the denial of his claim for CAT relief in his brief to this Court, and therefore, this claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED in part and DISMISSED in part.